PHILLIPS & RAY, Plaintiffs in Error, *vs.* JONES' ADMINISTRATOR, Defendant in Error.

1. A. owning a share of the outfit of a California gold company, executed to B. a writing, by which he sold "one half of his interest in the company." A subsequent clause provided that B. should not be a partner in the company, but only "purchaser of one half A.'s interest in the metals and ores" that might be obtained. *Held*, A.'s interest in the *outfit* did not pass.

### *Error to Marion Circuit Court.*

In 1849, Jones and others formed a joint stock company, for the purpose of going to California in quest of precious

metals. Jones owned one share and a half of the outfit, to pay for which, he borrowed $500 of Phillips & Ray, in consideration of which he executed to them a writing, by which he sold " one half his interest" in the company, and authorized them to receive from the manager or managers of said company " one half of all the gold or silver, ores or metals," to which he might be entitled on account of his one share and a half. A subsequent clause was as follows : "It is further agreed, that said Phillips & Ray are not partners in said company, but are only purchasers of one half said Jones' interest in the metals and ores that may be by him obtained as his share in the company." While the company were on their way to California, Jones died. The surviving members proceeded on to California, where they immediately sold their joint outfit and dissolved. Jones' proportion of the proceeds of the outfit was paid to George.W. Lane, who afterwards executed to the administrator of Jones his note for the amount. The present suit was begun by Jones' administrator against Lane upon the note. Lane answered, admitting the execution of the note, but setting up the claim of Phillips & Ray, and praying that the parties might be compelled to interplead. Phillips & Ray thereupon filed their interplea, claiming the amount of the note, upon which an issue was made and found against them, the court refusing to instruct the jury, as asked, that the writing vested in Phillips & Ray one half of Jones' share in the outfit of the company. The interpleaders sued out this writ of error.

*Glover & Richardson,* for plaintiffs in error. 1. The conveyance by Jones to Phillips & Ray passed to them one half of his interest in the outfit of the company. This was the only interest in the company which Jones then had. It could not have been designed to leave out of the conveyance the outfit which the grantees had just advanced the money to pay for. 2. As the parties have consented that an issue should be made upon the interplea for the settlement of their rights, this court should now pass upon them.

*T. L. Anderson,* for defendant in error. By the express

terms of the agreement, Phillips & Ray were not partners, and the only interest they acquired was in the ores, metals, &c.

SCOTT, Judge, delivered the opinion of the court.

As the question was not raised, we will not determine whether this was a proper case for an interpleader, and whether Lane would not have been entirely justified by the law in paying the note to the administrator, to whom he gave it. We are of the opinion that no part of the proceeds of the note belonged to the plaintiffs in error, Phillips & Ray. The first clause in the agreement, by which Jones, the intestate, conveyed to the plaintiffs in error one half of his interest in the California company, was, no doubt, sufficiently comprehensive to have included an interest in the stock of the company. But after these general words, it is stipulated, and that, too, it would seem, with a view to explain what had gone before, that Phillips & Ray should not be partners in the company, but only purchasers of one half of said Jones' interest in the metals and ores, that might be by Jones acquired as his share in the said company. Phillips & Ray could not but be partners, if they owned a share of the stock of the company. The only way to give effect to this stipulation would be, to divest them of all interest in the stock or outfit. But the subsequent words place the matter beyond all doubt. They were not to be partners, but only purchasers of one half of Jones' interest in the metals and ores that might be obtained as his share. The rule that every part of an instrument should have effect, in interpreting it, must be subservient to the more important rule, which requires that the whole deed must be taken together, in order to ascertain the intent of the parties.

The judgment is affirmed, the other judges concurring.